EDWARD R. REINES (Bar No. 135960)
edward.reines@weil.com
DEREK C. WALTER (Bar No. 246322)
derek.walter@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA  94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100


Attorneys for Plaintiff
SYNTHEGO CORPORATION

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNTHEGO CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>AGILENT TECHNOLOGIES, INC.,<br><br>    Defendant. | Case No.:<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT OF NONINFRINGEMENT** |

COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Synthego Corporation ("Synthego" or "Plaintiff"), for its complaint against Agilent Technologies, Inc. ("Agilent" or "Defendant"), alleges as follows:

## NATURE OF THE ACTION[1]

1. This is an action for declaratory judgment of non-infringement of U.S. Patents Numbers 10,900,034 ("the '034 patent") (attached hereto as Exhibit 1) and 10,337,001 ("the '001 patent") (attached hereto as Exhibit 2) (collectively, the "Agilent Patents") by the manufacture, use, sale, offer for sale, and/or importation of Synthego CRISPR RNA products, including at least the CRISPREVOLUTION line of Synthetic sgRNA kits and Advanced RNA and CRISPR GMP sgRNA Manufacturing services, as well as performance of Synthego's ECLIPSE genome editing services (collectively, the "Synthego Accused Products").

2. As a result of Agilent's communications to Synthego regarding the patents in suit, Synthego is under reasonable apprehension of suit by Agilent.

## PARTIES

3. Plaintiff Synthego is a corporation organized and existing under the laws of Delaware with its headquarters and principal place of business at 3696 Haven Ave. Suite A, Redwood City, CA 94063. Synthego develops genome engineering platforms for researchers and institutions.

4. Synthego was started by engineers and scientists to help make genome engineering tools accessible in order to improve medicines and bring prices down, and facilitate the development of new life-saving therapies for patients in need. Synthego's innovations in machine learning and robots enable reliable and safe discovery, development and translation of gene editing based medicines at scale. Scientists across the world utilize Synthego's technology platform to develop cutting-edge research and therapeutics. Synthego's technology has been cited in hundreds of peer-reviewed publications and are utilized by thousands of commercial and academic researchers.

---

[1] Plaintiff notes that it intends to file petitions for inter partes review to address the validity of the claims and expects the inter partes review proceedings to resolve any issues between the parties regarding the patents in this case. Plaintiff thus intends to request a stay of this action pending resolution of said inter partes review proceedings.

**COMPLAINT FOR DECLARATORY JUDGMENT**   1

5. Synthego's platforms utilize CRISPR technology to create scalable and reliable gene editing tools. CRISPR, which is an acronym for "clustered regularly interspaced short palindromic repeats," is a technology that allows scientists to easily, predictably, and precisely edit the DNA of any genome. CRISPR technology utilizes an enzyme, Cas nuclease, which is capable of cutting DNA at precise nucleic acid sequences. The Cas enzyme employs a guide RNA ("gRNA") which directs the enzyme to cut DNA at precise sequences.

6. Synthego has pioneered methods of developing and manufacturing single-guide RNA ("sgRNA") to allow scalable development of CRISPR technologies. Synthego develops and sells these highly efficient sgRNAs. Synthego's platform also includes kits that allow researchers to design and produce, at scale, targeted sgRNAs. Synthego is assigned dozens of patents worldwide as a result of its efforts in this field.

7. Synthego's sells sgRNAs to customers for use in development of clinical therapeutics. Synthego's customers are using or plan to use Synthego's GMP-grade sgRNAs in upcoming preclinical and clinical trials. Synthego's sales and use of the Accused Products are thus reasonably related to the development and submission of information to the Food and Drug Administration or other laws regulating the manufacture, use, or sale of drugs or veterinary biological products.

8. On information and belief, Defendant Agilent is a corporation organized and existing under the laws of Delaware with its principal place of business at 5301 Stevens Creek Blvd. Santa Clara, CA 95051. Agilent can be served with process through its registered agent for service, C T Corporation System, 330 N Brand Blvd. Glendale, CA 91203.

## JURISDICTION AND VENUE

9. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.* and under the patent laws of the United States, 35 U.S.C. § 1 *et seq.* This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

10. This Court has personal jurisdiction over Defendant Agilent because Agilent does business in this District and maintains its corporate headquarters and principal place of business in this District.

11. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b) because Agilent does business in this District, maintains its principal place of business in this District, and is subject to personal jurisdiction in this District. Specifically, Agilent maintains its headquarters in its offices at 5301 Stevens Creek Blvd. Santa Clara, CA 95051. Agilent lists this address as its headquarters on its website. *See* https://www.agilent.com/en/contact-us/page (attached as Exhibit 3).

**INTRADISTRICT ASSIGNMENT**

12. Under Civil Local Rule 3-2(c), this action should be assigned to the San Francisco Division or the Oakland Division, because a substantial part of the events or omissions which give rise to the claims occurred in San Francisco county. Assignment of this matter to the San Francisco Division is also appropriate because both Synthego and Agilent do business in this District. Furthermore, Plaintiff Agilent maintains its principal places of business in San Mateo County, and is subject to jurisdiction in this District.

**EXISTENCE OF AN ACTUAL CONTROVERSY**

13. There is an actual controversy within the jurisdiction of this Court under 28 U.S.C. §§ 2201 and 2202.

14. On June 24, 2021, Thomas Redder, Associate Vice President of Business Development and Licensing Transactions at Defendant Agilent, sent a letter to Scott Bizily, General Counsel at Synthego, to license Agilent Patents covering certain types of guide RNAs. *See* Exhibit 4. Agilent's letter also included, as an attachment, a schedule of patents across three patent families assigned to Agilent, which include the two Agilent Patents in this suit. Agilent identified these patents as being particularly relevant to Synthego's products. In that letter, Agilent claimed that Synthego products, including in particular "CRISPREVOLUTION Synthetic sgRNA" as well as "any of your services…which use modified gRNAs," "benefit from or may benefit from this Patented Technology." Lastly, Agilent's letter set a deadline of July 3, 2021 for Synthego to respond, only nine days after the initial letter and on a Saturday of a holiday weekend.

15. Agilent's actions create a reasonable apprehension it would pursue legal action against Synthego were Synthego not to acquire a license. On August 10, 2021, Mr. Redder sent an email to Mr. Bizily to express his dissatisfaction with Synthego. In that email, Mr. Redder demanded that Synthego offer "an acceptance of terms or good faith redline/counter" in three days. Exhibit 5. Mr. Redder threatened that, should Synthego not respond by this deadline, the "process will likely be escalated to other more formal legalistic processes for managing our out-licensing programs and opportunities."

16. In subsequent communications, Agilent has repeatedly pressured Synthego and created a cloud of legal uncertainty. On August 17, 2021, in response to Synthego's request for more time to properly conduct due diligence and communicate the offer to key-decision makers, Mr. Redder responded by saying such a request was "disappointing." Exhibit 6. On August 31, 2021, Mr. Redder further threatened Synthego by demanding that Synthego "express in binary terms its interest in our invitation to license the referenced portfolio" "sometime soon." Exhibit 7.

17. Subsequently, Agilent stated that its "patience waiting for a simple 'yes' or 'no' to our invitation to license of June 24th and/or a simple redline of our proposed term sheet of July 22nd has completely run out." Exhibit 8. Agilent stated that if it did not "receive a substantive response from Synthego to the attached proposed term sheet by the 'end-of-day' on Wed the 6th of Oct, Agilent will conclude that Synthego is not interested in licensing this portfolio for any of its past, present, or future products or services, and that *Agilent may then undertake other actions available to Agilent*." *Id.*

18. Agilent's allegation of specific Synthego products, identification of three patent families it claims Synthego's products "benefit from," setting of tight deadlines, and threats to "escalate" the process to "more formal legalistic processes" and "undertake other actions available" create a reasonable apprehension of suit.

## FIRST CLAIM

### Declaratory Judgment of Non-Infringement of the '034 Patent

19. The allegations of paragraphs 1 through 18 are incorporated herein by reference.

20. The manufacture, use, sale, offer for sale, and/or importation of the Synthego Accused Products does not infringe, directly or indirectly, any valid claim of the '034 patent.

21. The Synthego Accused Products do not infringe claims requiring a synthetic CRISPR guide RNA comprising (a) a crRNA segment comprising (i) a guide sequence capable of hybridizing to a target sequence in a polynucleotide, (ii) a stem sequence; and (b) a tracrRNA segment comprising a nucleotide sequence that is partially or completely complementary to the stem sequence, wherein the synthetic guide RNA has gRNA functionality comprising associating with a Cas protein and targeting the gRNA:Cas protein complex to the target sequence, and comprises one or more modifications in the guide sequence, wherein the one or more modifications comprises a 2'-O-methyl, at least because the manufacture, use, sale, offer for sale, and/or importation of the Synthego Accused Products consists of non-infringing acts under the safe harbor provisions of 35 U.S.C. § 271(e)(1). The Synthego Accused Products are used for purposes reasonably related to the development and submission of information to the Food and Drug Administration or other laws regulating the manufacture, use, or sale of drugs or veterinary biological products. The manufacture, use, sale, offer for sale, and/or importation of the Synthego Accused Products therefore does not infringe the '034 Patent under the safe harbor of § 271(e)(1).

22. An actual and justiciable controversy exists between Synthego and Agilent as to whether the '034 patent is infringed. A judicial declaration is necessary and appropriate so that Synthego may ascertain its rights regarding the '034 patent.

## SECOND CLAIM

### Declaratory Judgment of Non-Infringement of the '001 Patent

23. The allegations of paragraphs 1 through 22 are incorporated herein by reference.

24. The manufacture, use, sale, offer for sale, and/or importation of the Synthego Accused Products does not infringe, directly or indirectly, any valid claim of the '001 patent.

25. The Synthego Accused Products do not infringe claims requiring a synthetic CRISPR guide RNA having at least one 5'-end and at least one 3'-end, the synthetic guide RNA comprising (a) one or more modified nucleotides within five nucleotides from said 5'-end, or (b) one or more modified nucleotides within five nucleotides from said 3'-end, or (c) both (a) and (b);

COMPLAINT FOR DECLARATORY JUDGMENT

5

wherein said guide RNA comprises one or more RNA molecules, and has gRNA functionality comprising associating with a Cas protein and targeting the gRNA:Cas protein complex to a target polynucleotide, wherein the modified nucleotide has a modification to a phosphodiester linkage, a sugar, or both, at least because the manufacture, use, sale, offer for sale, and/or importation of the Synthego Accused Products consists of non-infringing acts under the safe harbor provisions of 35 U.S.C. § 271(e)(1).  The Synthego Accused Products are used for purposes reasonably related to the development and submission of information to the Food and Drug Administration or other laws regulating the manufacture, use, or sale of drugs or veterinary biological products. The manufacture, use, sale, offer for sale, and/or importation of the Synthego Accused Products therefore does not infringe the '001 Patent under the safe harbor of § 271(e)(1).

26. An actual and justiciable controversy exists between Synthego and Agilent as to whether the '001 patent is infringed.  A judicial declaration is necessary and appropriate so that Synthego may ascertain its rights regarding the '001 patent.

## PRAYER FOR RELIEF

WHEREFORE, Synthego respectfully requests that judgment be entered in its favor and prays that the Court grant the following relief:

1. A judgment declaring that Synthego has not infringed and is not infringing, either directly or indirectly, any claims of the Agilent Patents and declaring that the manufacture, use, sale, offer for sale, and/or importation of the Synthego Accused Products does not infringe, directly or indirectly, any claims of the Agilent Patents;

2. A judgment that Defendant Agilent and each of its officers, directors, agents, counsel, servants, employees, and all persons in active concert or participation with any of them, be restrained and enjoined from alleging, representing, or otherwise stating that Synthego or the manufacture, importation, use or sale of the Synthego Accused Products infringe any of the Agilent Patents, or from instituting or initiating any action or proceeding alleging infringement of any of the Agilent Patents against Synthego or customers, manufacturers, users, importers, or sellers of the Synthego Accused Products;

3. A judgment declaring that Synthego is the prevailing party and that this is an exceptional case under 35 U.S.C. § 285 and awarding Synthego its reasonable attorneys' fees, expenses, and costs in connection with this case; and

4. A judgment awarding Synthego such other relief as the Court may deem just and proper.

Dated: October 5, 2021                                  WEIL, GOTSHAL & MANGES LLP

                                                        By: */s/ Edward R. Reines*
                                                            Edward R. Reines

                                                        Attorney for Plaintiff
                                                        Synthego Corporation