EDWARD R. REINES (Bar No. 135960)
edward.reines@weil.com
DEREK C. WALTER (Bar No. 246322)
derek.walter@weil.com
SHAWN CHI (Bar No. 313221)
shawn.chi@weil.com
ERNEST FOK (Bar No. 341927)
ernest.fok@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA  94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

Attorneys for Plaintiff / Counter-Defendant
SYNTHEGO CORPORATION

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| SYNTHEGO CORPORATION,<br><br>             Plaintiff / Counter-Defendant,<br><br>     v.<br><br>AGILENT TECHNOLOGIES, INC.,<br><br>             Defendant / Counter-Claimant. | Case No. 5:21-cv-07801-EJD<br><br>**SYNTHEGO CORP.'S CIVIL L.R. 7-11 ADMINISTRATIVE MOTION TO STRIKE AND/OR FOR LEAVE TO FILE A SUR-REPLY TO AGILENT TECHNOLOGIES, INC.'S PRELIMINARY INJUNCTION REPLY BRIEF**<br><br>Date: July 7, 2022<br>Time: 10:00 A.M.<br>Courtroom: 4<br>Judge: Hon. Edward J. Davila |

Pursuant to Civil Local Rule 7-11, Plaintiff/Counter-Defendant Synthego Corp. ("Synthego") respectfully moves to strike portions of Defendant/Counter-Claimant Agilent Technologies, Inc.'s ("Agilent") preliminary injunction reply brief (Dkt. No. 85-2) and/or moves for leave to file a sur-reply to Agilent's preliminary injunction reply brief.

### A.     It Is Improper To Include New Arguments In Reply

"Parties may not use reply briefs to raise new arguments or to submit new evidence because such conduct deprives the opposing party of the opportunity to offer a fulsome response." *Amgen Inc. v. Sandoz Inc.*, No. 14-cv-04741-RS, Dkt. No. 176, at 2 (N.D. Cal. May 23, 2016). Courts may strike or disregard new arguments included for the first time in a reply. *See, e.g.*, *Langston v. N. Am. Asset Dev. Corp.*, No. C 08-02560 SI, 2009 WL 941763, at *5 n.7 (N.D. Cal. Apr. 6, 2009) ("it is improper for plaintiff to raise new arguments in her reply brief, and therefore [the court] has not considered these arguments or evidence in reaching its decision"). Courts may grant leave to file a sur-reply. *See Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (noting that it would be "unfair" to deprive the party of an opportunity to respond to new matter in reply).

### B.     Agilent's Reply Fundamentally Changes The Requested Injunction And Bases It On A New Theory

In reply, Agilent requests an injunction targeted at products sold commercially as therapeutic products after FDA approval and thus unprotected by the Safe Harbor. Dkt. No. 85-2 at 1:2-4; Dkt. No. 86-1. Agilent does not argue that there any such products now or on the near-term horizon. Dkt. No. 85-2 at 15:7-10 ("Synthego has not identified any drugs, treatments, or other commercial applications that would be interrupted if the requested injunction is entered—indeed, Synthego asserts that there are no such drugs, therapeutics, or applications at this time."); 1:25-26 ("Synthego contends that commercial use of its products for therapeutics is, at best, several years away.").

Agilent's new theory to support this reformulated proposed injunction appears to be that, because none of the therapeutics using Synthego's products are even close to FDA approval, such an injunction will not harm Synthego. *Id*. at 1:4-6 (the injunction proposed in the reply would have "no impact on Synthego or the public interest"); 1:25-28 ("as long as the injunction entered here carves out any uses that Synthego can actually establish to be related to FDA-approval as well as sales restricted

to Research Use Only, which were the only sales Agilent offered to license, Synthego will not be harmed, nor will the public interest be impacted").

This proposed injunction is fundamentally different from what was proposed with its motion and the primary justification is just as different. The new proposed injunction and the tendered justification for it should be stricken as improper reply material. If not stricken, Synthego should be given an opportunity to address this new matter as set forth in the proposed sur-reply submitted as Appendix A to this motion.

### C. A Response To Agilent's IPR Arguments Is Warranted

In reply, Agilent features a series of arguments contending it still is likely to succeed on the merits of invalidity even though the PTAB instituted both IPRs and found all challenged claims were likely to be invalidated. Although Synthego's IPR petitions were filed weeks before the preliminary injunction motion, Agilent failed to address the potential that the IPRs would be instituted in its motion because it wrongly assumed that the IPRs had "little chance" and were "highly unlikely" to be instituted. Dkt. No. 39-3 at 3:13 ("there is little chance its IPRs will be instituted"), 19:15-16 ("it is highly unlikely that the IPR will even be instituted.").

A sur-reply regarding the IPRs will be helpful to the Court because it will respond to Agilent's skewed legal analysis about the import of the IPR institution to Agilent's attempt to carry its burden of proving a likelihood of success on the merits.

### D. Agilent Attempts To Shift To Dependent Claim 14 Of The '034 Patent, Even Though That Claim Was Not Identified In Its Motion

Agilent's motion was based on claims 1-5, 8, and 16 of the '034 Patent and claims 1-3, 6, 9, 21-22, 25, and 27-30 of the '001 Patent. In reply, Agilent attempts to pivot to Claim 14 of the '034 Patent. Dkt. No. 85-2 at 5:19-22. Adding new claims in reply is improper and should be stricken. If not stricken, Synthego should be given an opportunity to address this new matter as set forth in the proposed sur-reply submitted as Appendix A.

### E. Agilent Shifts Its Arguments On Validity To New Dependent Claims

In its preliminary injunction motion, Agilent argued that it was likely to succeed on the merits of invalidity based on the lack of testing disclosed in the prior art. Dkt. No. 39-3 at 19:18-20 ("Indeed, the absence of any testing data in Doudna or Zhang was key to Agilent's ability to overcome those

references during prosecution. The same arguments will apply to Pioneer Hi-Bred."). In reply, Agilent pivots to arguments regarding whether dependent claims covering phosphonoacetate, thiophosphonoacetate, and fluorophore modifications are obvious. Dkt. No. 85-2 at 5:12-22.

Agilent's new arguments are improper and should be stricken. If not stricken, Synthego should be given an opportunity to address this new matter as set forth in the proposed sur-reply submitted as Appendix A.

### F. Agilent's Discovery Complaints Should Be Stricken Or A Response Permitted

In its preliminary injunction motion, Agilent did not seek discovery or argue that it might need discovery to support its motion. In the five months since the motion was filed, Agilent did not seek help from this Court or Magistrate Judge van Keulen to obtain discovery it now argues it needs to support its injunction request.

In reply, Agilent seeks to backfill its lack of evidence with empty discovery complaints. This should be stricken. If it was really significant, Agilent should have sought such discovery before filing its motion or at least noted a need. If not stricken, Synthego should be given an opportunity to respond to these discovery complaints, as set forth in the proposed sur-reply submitted as Appendix A.

### G. Agilent's Two-Firm Market And Market-Ignorance Arguments Should Be Stricken Or A Response Permitted

In its preliminary injunction motion, Agilent did not contend that there was a two-firm market including only Agilent and Synthego. In reply, it makes that argument. Dkt. No. 85-2 at 9:22-23 ("Synthego—Agilent's only U.S. competitor in the full-service gRNA market"); 11:11-13 ("'In a market where only two parties are directly competing…'") (quoting *Open Text SA v. Box, Inc.*, 36 F. Supp. 3d 885, 906 (N.D. Cal. 2014)).

In addition, in reply Agilent argues that its lack of knowledge as to whether it would actually lose any sales to Synthego supports the entry of a preliminary injunction because of the alleged uncertainty of proving damages. Dkt. No. 85-2 at 13:9-10 ("neither Agilent nor other participants or even third-party market analysts know (and cannot readily ascertain) information about marketshare or competitors' activities"). But in its motion Agilent took the contrary position, arguing that "[e]very sale of a gRNA product made by Synthego is therefore a lost sale to Agilent." Dkt. No. 39-3 at 21:3-

5.

These are not proper arguments to raise in reply for the first time. They should be stricken. If not stricken, Synthego should be given an opportunity to address these arguments, as set forth in the proposed sur-reply submitted as Appendix A.

### H. Agilent's Changed Explanations For Its Delay Is Improper In Reply

It is hornbook law that "a party requesting a preliminary injunction must generally show reasonable diligence." *Benisek v. Lamone*, 138 S.Ct. 1942, 1944 (2018) (per curiam). In its motion, Agilent barely attempted to do so. Agilent argued that its delay from July 2019 was reasonable because it was awaiting the issuance of the '034 Patent, engaging in licensing negotiations, and awaiting to see what prior art Synthego would use in its IPR. Dkt. No. 39-3 at 23:20-28.

In reply, Agilent abandons the rationale of the issuance of the '034 Patent and its supposed decision to wait to see what prior art Synthego asserted. To try to excuse its extensive delay, Agilent's reply shifts to the pandemic, unrelated litigation, and Synthego's market presence. None of those excuses were in its motion.

This is not proper reply argument and should be stricken. If not stricken, Synthego should be given an opportunity to address these arguments, as set forth in the proposed sur-reply submitted as Appendix A.

Synthego notified Agilent regarding its request, but the parties did not reach a stipulation regarding the request. *See* Declaration of Derek C. Walter ¶ 2.

Date: June 29, 2022

Respectfully submitted,

 */s/ Edward R. Reines*
EDWARD R. REINES (Bar No. 135960)
DEREK C. WALTER (Bar No. 246322)
SHAWN CHI (Bar No. 313221)
ERNEST FOK (Bar No. 341927)
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Tel: (650) 802-3000
Fax: (650) 802-3100
edward.reines@weil.com
derek.walter@weil.com
shawn.chi@weil.com
ernest.fok@weil.com

*Attorneys for Plaintiff/Counter-Defendant*
SYNTHEGO CORPORATION