UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SYNTHEGO CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>AGILENT TECHNOLOGIES, INC.,<br><br>Defendant. | Case No.   5:21-cv-07801-EJD<br><br>**ORDER GRANTING MOTION TO STAY PENDING INTER PARTES REVIEW**<br><br>Re: Dkt. No. 82 |

Plaintiff/Counter-Defendant Synthego Corporation ("Synthego") brings this motion to stay pending *inter partes* review ("IPR") of U.S. Patent Nos. 10,900,034 ("the '034 patent") and 10,337,0011 ("the '001 patent") (collectively, the "Asserted Patents"). *See* Plaintiff's Motion to Stay, Dkt. No. 82. Defendant/Counter-Claimant Agilent Technologies Inc. ("Agilent") opposes the motion. *See* Response to Motion to Stay, Dkt. No. 95. Having considered the parties' briefing and for the reasons set forth below, the Court **GRANTS** the motion to stay.[1]

Both parties utilize "clustered regularly interspaced short palindromic repeats" ("CRISPR") technology to create gene editing tools. *See* Complaint, Dkt. No. 1 at 2; Answer, Dkt. No. 20 at 7. CRISPR technology uses an enzyme to cut DNA at precise locations, which employs guide RNA ("gRNA") to direct the enzyme exactly where to cut the polynucleotide. *See* Complaint, Dkt. No. 1 at 2. Synthego creates methods to develop single-guide RNA ("sgRNA"), which allows for the design and scalable production of targeted sgRNAs. *Id.* Synthego sells these sgRNAs to customers for use in preclinical and clinical trials for research purposes in the

---

[1] On July 6, 2022, this Court found these motions appropriate for decision without oral argument pursuant to Civil Local Rule 7-1(b). *See* Dkt. No. 105.

Case No.: 5:21-cv-07801-EJD
ORDER GRANTING MOTION TO STAY PENDING INTER PARTES REVIEW
1

development of clinical therapeutics. *Id.* Similarly, Agilent invents chemically modified synthetic gRNAs and methods of using and delivering gRNAs to improve CRISPR technologies by making it more efficient and applicable to all cell types. *See* Answer, Dkt. No. 20 at 7. Agilent patented these inventions and licenses its patented technology. *Id.* Agilent asserts that it discovered Synthego's use of allegedly infringing CRISPR gRNA products and attempted to license its patented technology to Synthego beginning in June of 2021, but discussions were unsuccessful. *Id.*; Complaint, Dkt. No. 1 at 3–4.

On October 5, 2021, Synthego initiated this action for declaratory judgment of non-infringement of the Asserted Patents against Agilent alleging invalidity of the patents. *See* Complaint, Dkt. No. 1. On October 29, 2021, Agilent counterclaimed alleging that Synthego infringed the Asserted Patents by making, using, and selling products and methods for chemically modified synthetic CRISPR gRNA that use Agilent's patented inventions and seeking damages and other relief. *See* Answer, Dkt. No. 20. Synthego replied to the counterclaims on November 19, 2021. *See* Reply to Counterclaims, Dkt. No. 24.

In January of 2022, Synthego filed two petitions for *inter partes* review ("IPR") before the Patent Trial and Appeal Board ("PTAB") challenging all claims of the Asserted Patents. *See* Motion to Stay, Dkt. No. 82; Dkt. No. 62-04 ('034 patent IPR petition); Dkt. No. 62-05 ('001 patent IPR petition). In May of 2022, the PTAB instituted review of claims 1-33 of the '034 patent and claims 1-30 of the '001 patent. *Id.* at 1. On June 15, 2022, Synthego filed the instant motion to stay pending resolution of the IPRs. *See* Motion to Stay, Dkt. No. 82.

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." *Microsoft Corp. v. TiVo Inc.*, No. 10-CV-00240-LHK, 2011 WL 1748428, at *3 (N.D. Cal. May 6, 2011). Courts "examine three factors when determining whether to stay a patent infringement case pending review or reexamination of the patents: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving

Case No.: 5:21-cv-07801-EJD
ORDER GRANTING MOTION TO STAY PENDING INTER PARTES REVIEW
2

party." *PersonalWeb Tech., LLC v. Apple Inc.*, 69 F. Supp. 3d 1022, 1025 (N.D. Cal. 2014) (citations and quotations omitted).

Here, all the above factors favor staying this case. First, this Court considers the stage and the history of litigation. Courts in this district strongly favor granting a stay pending IPR where there has been no material progress in the litigation. *Pragmatus AV, LLC v. Facebook, Inc.*, No. 11-CV-02168-EJD, 2011 WL 4802958, at *3 (N.D. Cal. Oct. 11, 2011) *reconsidered on other grounds*, No. 12–CV–04958-PSG, 2013 WL 5513333 (N.D.Cal. Oct. 3, 2013); *Pi–Net Int'l, Inc. v. Focus Bus. Bank*, No. 12–CV–04958-PSG, 2013 WL 4475940, at *3 (N.D. Cal. Aug. 16, 2013) (granting stay where a trial date was scheduled but significant discovery remained); *Aavid Thermalloy LLC v. Cooler Master, Ltd.*, No. 17-CV-05363-JSW, 2019 WL 4009166, at *2 (N.D. Cal. Aug. 26, 2019) (granting a stay where claims construction briefing had not yet been filed, Plaintiff had just filed amended infringement contentions, and the case had not been set for trial). Synthego contends it is early in the proceedings—fact discovery is in its initial stages, expert discovery has not begun, claim construction has not begun, and a trial date has not been set.

Agilent counters that even though a trial date has not been set, this Court has already set an expedited schedule that provides for the completion of discovery by January 6, 2023. *See* Response to Motion to Stay, Dkt. No. 95. Additionally, Agilent contends that it has invested substantial time in responding to Synthego's discovery requests by producing 83,000 pages of documents and in preparing an export report detailing Synthego's infringement. *Id.* at 7. Agilent also notes that the parties have exchanged various contentions, including infringement, invalidity, and damage contentions, as well as preliminary claim constructions. *Id.* However, substantial work lies ahead for both parties. Because this case is in its early stages and there has been no material progress in this litigation, this Court agrees with Plaintiff that the first factor weighs in favor of granting a stay.

Second, waiting for the outcome of the IPRs would simplify the issues at trial. "[A] stay may be justified where the outcome of the reexamination would be likely to assist the court in determining patent validity and, if the claims were canceled in the reexamination, would eliminate

Case No.: 5:21-cv-07801-EJD
ORDER GRANTING MOTION TO STAY PENDING INTER PARTES REVIEW
3

1  the need to try infringement issues.  A stay may also be granted in order to avoid inconsistent
2  results, obtain guidance from the PTO or the PTAB, or avoid needless waste of judicial
3  resources." *Aavid Thermalloy LLC*, 2019 WL 4009166, at *2 (quotations and citations omitted).
4  Plaintiff's IPR petitions were instituted in May of 2022 and cover both Asserted Patents and all
5  claims at issue.  A final decision could result in canceled or modified claims, which could
6  eliminate the need for a trial or narrow the issues at trial.  Agilent contends that it is unlikely that
7  Synthego's petitions will result in the cancellation of all challenged claims or even simplify the
8  issues at trial because, even if all claims are left intact, the court will likely need to adjudicate
9  invalidity arguments not raised in the PTAB.  Even if this were true, staying the case pending
10 review could facilitate trial by providing this court with "the benefit of the PTO's expertise and
11 guidance on these claims." *Evolutionary Intel., LLC v. Millenial Media, Inc.*, No. 13-CV-04206-
12 EJD, 2014 WL 2738501, at *4 (N.D. Cal. June 11, 2014).  A stay pending IPR of the instituted
13 petitions will promote efficiency by avoiding the expenditure of judicial resources between now
14 and when a final decision by PTAB is rendered.

15 Finally, the third factor considers whether a stay will tactically disadvantage or unduly
16 prejudice the non-moving party.  "In examining the prejudice or tactical advantage factor, courts
17 have looked to the timing of both requests for review and requests for stays, the status of the IPR
18 proceedings, and the relationship between the parties." *Aavid Thermalloy LLC*, 2019 WL
19 4009166, at *2.  Agilent asserts two main points as to why it will suffer tactical disadvantage as a
20 result of the stay: (1) PTAB does not offer robust discovery sufficient to develop the "fulsome
21 record that is necessary to decide the invalidity issues," and (2) Synthego's delayed petitioning for
22 IPR, which Agilent contends should have been initiated months before Synthego initiated suit.
23 *See* Response to Motion to Stay, Dkt. No. 95.

24 Agilent primarily focuses on the tactical disadvantage created by the former, asserting that
25 Synthego has been improperly unresponsive in discovery by providing only 195 redacted
26 documents.  *See* Response to Motion to Stay, Dkt. No. 95 at 8.  Agilent also alleges that Synthego
27 took extensive discovery in this proceeding with the sole purpose of being able to use what it

Case No.: 5:21-cv-07801-EJD
ORDER GRANTING MOTION TO STAY PENDING INTER PARTES REVIEW
4

obtained in this case in the IPR proceedings. Agilent notes that the PTAB generally disfavors discovery and would have never permitted Synthego to obtain as extensive discovery in the IPR proceedings. Consequently, Agilent alleges that it is unable to develop "an equal and opposing" factual record via discovery of Synthego and third parties. *Id.* at 5. Yet, as mentioned by Synthego, the PTAB rules permit both parties to take additional discovery and more fully develop the record during the trial stage of the proceedings.

This Court is unpersuaded by Agilent's assertions regarding delay. That Synthego could have filed its petitions for IPR upon commencement of the action three months ago does lend credence to Agilent's assertion that Synthego sought to gain a tactical advantage by litigating in this Court. The fact that Synthego waited until January 5, 2022 to file its petition for IPR is not, in itself, sufficient evidence of undue prejudice. Plaintiff timely filed petitions for IPR within months of initiating the action and timely filed a motion to stay. Agilent further asserts that it is prejudiced because a stay will prevent expediate resolution of this case and "halt Agilent's enforcement rights against its direct competitor for two to three years." *See* Response to Motion to Stay, Dkt. No. 95. However, "[c]ourts have repeatedly found no undue prejudice unless the patentee makes a specific showing of prejudice beyond the delay necessarily inherent in any stay." *PersonalWeb Tech.*, 69 F. Supp. 3d 1022 at 1029; *Pragmatus AV, LLC*, 2011 WL 4802958, at *3 ("The delay inherent to the reexamination process does not generally, by itself, constitute undue prejudice.").

In addition to these points on prejudice, Agilent repeats the argument it made in support of its pending preliminary injunction motion. *See* Motion for Preliminary Injunction, Dkt. No. 40. Agilent contends that it is already suffering irreparable harm via lost profits and lost business opportunities. *Id.* at 22. It asserts that if Synthego, its direct and sole competitor in the gRNA full-service market, is not enjoined it will continue to erode prices and persuade key opinion leaders ("KOLs") to switch sides and promote Synthego. *Id.* The Court recognizes that Plaintiff and Defendant are direct competitors, and this fact can weigh against granting a stay. *Hewlett Packard Co. v. ServiceNow, Inc.*, No. 14–CV–00570–BLF, 2015 WL 1737920, at *3 (N.D. Cal.

Case No.: 5:21-cv-07801-EJD
ORDER GRANTING MOTION TO STAY PENDING INTER PARTES REVIEW
5

Apr. 9, 2015) ("[C]ompetition between parties can weigh in favor of finding undue prejudice.") (quoting *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318 (Fed. Cir. 2014)). However, this district has recognized that multiple other direct competitors in the marketplace attenuates this consideration. *Lighting Sci. Grp. Corp. v. Shenzen Jiawei Photovoltaic Lighting Co. Ltd.*, No. 16-CV-03886-BLF, 2017 WL 2633131, at *4 (N.D. Cal. June 19, 2017) (noting that evidence of injury from direct competition "is undercut by evidence from [alleged infringer] that it is a small player in a market in which [patentee] faces many competitors.").

Agilent contends that Synthego is the only other *full-service* gRNA provider across "all fields of use" in the United States. *See* Response to Motion to Stay, Dkt. No. 95 at 13. Agilent identifies "three distinct markets" in which Agilent sells its Asserted Patents: "small-scale batches of sgRNA products, which allow for use in any research application ('research use only' or 'RUO')… (2) mid-scale or clinical grade sgRNA products at larger scales… and (3) fully verified 'Good Manufacturing Practices' or 'GMP' production of large lots of sgRNAs." *See* Motion for Preliminary Injunction, Dkt. No. 40 at 11. Synthego more generally asserts that Synthego and Agilent are not the sole competitors in the gRNA market. Rather, Synthego notes that there are numerous other competitors, including RUO market competitors, midscale market competitors, and GMP market competitors. *See* Motion to Stay, Dkt. No. 82 at 10 (listing nine other competitors). Since there are multiple companies with a range of services directly competing with Agilent at each of these three levels the Court does not find that Agilent faces undue prejudice due to direct competition.

Other considerations weaken Agilent's claims of undue prejudice. Agilent has provided some circumstantial evidence that is has lost KOLs but has failed to provide any concrete evidence of lost sales to Synthego, asserting only that it will "likely" lose sales and Synthego will likely erode prices. *See* Motion for Preliminary Injunction, Dkt. No. 40 at 22–23. These assertions are speculative, and "[i]n evaluating claims that direct competition will result in prejudice from a stay, courts require evidence." *Lighting Sci. Grp. Corp*, 2017 WL 2633131, at *4. Moreover, Agilent did not bring suit asserting its patent rights for months even after licensing negotiations with

Case No.: 5:21-cv-07801-EJD
ORDER GRANTING MOTION TO STAY PENDING INTER PARTES REVIEW
6

Synthego were unsuccessful, indicating that there is less urgency.

Plaintiff's motion to stay is **GRANTED**. This action is stayed in its entirety pending IPR. All pending motions are terminated for administrative purposes only, and without prejudice to renew the motions after the stay is lifted.

**IT IS SO ORDERED.**

Dated: July 12, 2022

EDWARD J. DAVILA
United States District Judge

Case No.: 5:21-cv-07801-EJD
ORDER GRANTING MOTION TO STAY PENDING INTER PARTES REVIEW
7