November 30, 2022

**VIA ELECTRONIC FILING**

Honorable Susan van Keulen
United States District Court for the Northern District of California
San Jose Courthouse
Courtroom 6 – 4th Floor
280 South 1st Street
San Jose, CA 95113

Re: *Synthego Corporation v. Agilent Technologies, Inc.*, Case No. 5:21-cv-07801-EJD (SVK)

Dear Judge van Keulen:

Pursuant to Magistrate Judge Van Keulen's November 16, 2022 Order (Dkt. 126), Synthego submits this letter requesting that this Court lift the stay of this case pending *inter partes* review for the limited purpose of allowing Magistrate Judge Van Keulen to rule on the parties' dispute regarding whether materials Agilent does not contend are confidential should remain confidential under the protective order and whether specified discovery obtained in this case may be used in parallel *IPRs*.

As explained further below, Agilent has been attempting to conceal non-confidential information (that even Agilent does not contend is actually confidential) via misuse of the protective order. The deposition of Agilent's IPR expert, Dr. William Marhsall, is December 8 (to which his prior non-confidential testimony in this case is directly relevant). And Synthego's reply to Agilent's IPR response (which includes a declaration from Dr. Marshall, an inventor declaration, and secondary considerations evidence) is due December 13.

Thus, Synthego respectfully requests with extreme appreciation a definitive ruling insofar as practical by December 6 on the pending motions.

**I. THE COURT HAS THE INHERENT POWER TO VACATE THE STAY FOR THE LIMITED PURPOSE OF RESOLVING THE PENDING MOTIONS**

The stay should be partially lifted to allow already-conducted discovery to be used in the co-pending IPR proceeding. The court has inherent power to order a partial lift of the stay. *See Canady v. Erbe Elektromedizin GmbH*, 271 F. Supp. 2d 64, 74 (D.D.C. 2002) ("Logically, the same court that imposes a stay of litigation has the inherent power and discretion to lift the stay.").

Even where a district court case has been stayed, courts are empowered to allow discovery to be used in parallel post-grant PTO proceedings. *See, e.g., Software Rights Archive, LLC v. Facebook, Inc.*, Case No. 12-cv-03970-RMW-PSG Dkt. 97 (N.D. Cal. Jan. 13, 2014), *Mayne Pharma v. Merck & Co.*, Case No. 15-cv-00438, Dkt. 141 (D. Del. Feb. 23, 2017). The decision in *Equipements de Transformation IMAC v. Anheuser-Busch Companies* is particularly instructive. In that case, the district court stayed the case pending resolution of a co-pending post-grant proceedings, but lifted the stay to allow limited discovery on obviousness issues presented at the

PTAB.  *Equipements de Transformation IMAC v. Anheuser-Busch Companies, Inc.*, No. 07-13306, 2008 WL 3852240, at *2-3 (E.D. Mich. Aug. 18, 2008).  The court there partially lifted the stay for sole purposes of advancing discovery on these obviousness issues, explaining that "the efficiencies gained by awaiting the reexamination process will be superficial if the patentee has insufficient information to challenge the applicant's position or the PTO's initial determination."  *Id*.

## II.  JUDICIAL ECONOMY FAVORS RELIEF FROM THE STAY FOR THIS LIMITED PURPOSE BECAUSE THE PENDING MOTIONS HAVE ALREADY BEEN BRIEFED AND ARGUED

Agilent triggered the filing of the pending motions before the Court by filing a motion to extend time to support its dubious blanket confidentiality designations and by then filing a motion to try to defend its designations for some of the materials.  Dkt. Nos. 109, 113.  Agilent then stipulated to Synthego filing its motion to modify the protective order.  Dkt. 111.

Based on the Agilent-approved motion filings, Magistrate Judge van Kuelen reviewed the parties' substantial briefing, generated tentative rulings, considered the extensive slide decks, and heard lengthy argument.  If the Court does not permit the motions to be resolved based on the existence of the stay, all of that judicial and party effort will be wasted.

## III.  THE PTAB IS TASKED WITH PROTECTING THE PUBLIC INTEREST AND THE PENDING MOTIONS SHOULD BE RESOLVED NOW SO THERE IS AT LEAST A CHANCE THE PTAB WILL BENEFIT FROM HIGHLY RELEVANT INFORMATION

The PTAB is protecting the public interest by considering whether the aggressively-asserted Agilent CRISPR-related patents should have been issued at all.  *Oil States Energy v. Greene's Energy Group*, 138 S. Ct. 1365, 1373 (2018) ("By issuing patents, the PTO takes from the public rights of immense value, and bestows them upon the patentee.") (citations and alterations omitted);  *St. Regis Mohawk Tribe v. Mylan Pharmaceuticals*, 896 F.3d 1322, 1327 (Fed. Cir. 2018) (The Supreme Court in *Oil States* "emphasized the government's central role in IPR and the role of the USPTO in protecting the public interest.");

In guarding the public interest, the PTAB has already concluded that Synthego's invalidity showing is "particularly strong."  Dkt. 77-1 at 32.  But the public interest here is extraordinary because it implicates the future of world health.  CRISPR is an important Nobel-prize winning new technology that has incredible promise to enable a generation of life-saving therapies.  *See, e.g.*, M. Molenti and G. Huckins, *The WIRED Guide to CRISPR*, Wired, Aug. 1, 2020 (available online at https://www.wired.com/story/wired-guide-to-crispr) ("It is, simply, the first technology truly capable of changing the fundamental chemistry of who we are.").  Agilent has been attempting to enforce its patents against the many CRISPR enterprises, asserting that all CRISPR users are infringing its improperly issued patents.  *See* Dkt. 75-7 at 66:22-23, 21:22-22:2, 34:6-15, 35:15-25, 40:23-41:25, 61:11-19, 72:22-73:3.  And Agilent is seeking an injunction to prevent the use of CRISPR by others.  Dkt. 40.  Allowing the PTAB to cancel Agilent's CRISPR-related patents will free the CRISPR community from Agilent's litigation and threats to competition based on invalid patents.

This Court should consider the pending motions on the merits so the PTAB has at least the chance to benefit from the already-existing information generated in response to Agilent's anti-competitive and defunct preliminary injunction motion. This is especially true given that the highly relevant materials Agilent is attempting to conceal from the PTAB directly respond to Agilent's Patent Owner submission in August with its secondary consideration and other new arguments trying to avoid invalidation. *See* Dkt. 114-2 at 2-5.

IV. **THE PUBLIC INTEREST STRONGLY SUPPORTS RESOLVING THE THE PENDING MOTIONS BECAUSE OTHERWISE THIS WOULD TOLERATE NAKED ABUSE OF THE PROTECTIVE ORDER**

Agilent continues to use its frivolous designation of the Marshall transcript as confidential to block PTAB consideration of highly relevant information. Agilent sought more time to file a motion to support its phony Marshall confidentiality designation hoping to block use of that transcript in the PTAB. And then Agilent filed a motion to support other designations, but does not even ***contend*** that the Marshall transcript is confidential because there is no way to do so. This is open abuse of the protective order, which is supposed to prevent exactly such misconduct. *See* Dkt. 127 § 5.1 ("Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.").

If this Court elects not to address the pending motions, that would allow Agilent to blatantly misuse the protective order to conceal information which even Agilent does not argue is confidential. That flies in the face of the public interest. *See, e.g., Del Campo v. Am. Corrective Counseling Servs., Inc*., No. C-01-21151JWPVT, 2007 WL 3306496, at *4 (N.D. Cal. Nov. 6, 2007) ("The failure to obey a protective order's prohibition against indiscriminate designations is covered by Rule 37. *Humphreys v. Regents of University of California*, 2006 WL 3302444 (N.D.Cal. Nov 14, 2006) at * 2 (noting that improper designation 'places an enormous burden on both the parties and, through the overuse of sealed filings, on the Court.').").

V. **AGILENT CONSENTED TO THE FILING OF THE PENDING MOTIONS AND ITS LATE ATTEMPT TO HIDE BEHIND THE STAY SHOULD BE REJECTED**

Agilent filed one of the pending motions and stipulated to Synthego's filing of the other. In doing so, Agilent did not contend that such motions were barred by the stay or that there was any reason why the Court could not decide those motions now. Agilent's consent to these motions is tacit to an agreement that they can be heard consistent with the stay. For that reason, Agilent should not be permitted now to reverse course and argue that the stay bars the resolution of the pending motions, including its own filings.

VI. **THE COURT SHOULD REJECT AGILENT'S ARGUMENT THAT JUDGE DAVILA SUPPOSEDLY DECIDED THE ISSUES IN THE PENDING MOTIONS**

At oral argument, Agilent argued that it was not really contending that the stay blocked the Court from resolving its own motion or the Synthego motion Agilent stipulated could be brought, but rather that Judge Davila had resolved the issues in the pending motions already. Dkt. 130 at 7:1 ("in fact he already denied these issues"), 9:7-8 ("it is Agilent's position that the Court already

decided these issues"), 13:10 ("we believe that this has been resolved").

Agilent *never even asked* Judge Davila to preclude the relevant invalidity discovery in this case or the existing invalidity record more broadly from being used in the PTAB proceedings. And it did not seek such a ruling even though it knew that Synthego was planning to use the materials in the PTAB—the contours depending of course on the content of Agilent's August 2022 Patent Owner's statement. Dkt. 95 at 13. Having not asked for such relief, Agilent cannot identify where it received such a ruling.

Simply put, Judge Davila did *not* resolve the issues on the pending motion:

- Judge Davila did not find that the disputed evidence was properly designated confidential.
  - He could not have because , for example,Agilent has no proof that the Marshall transcript includes confidential information and does not contend it does.

- Judge Davila did not ban the use of non-confidential discovery at the PTAB.
  - Agilent did not ask for this relief or make arguments to support such an extreme outcome.

- Judge Davila did not find Synthego's invalidity discovery was outside the proper discovery scope for the preliminary injunction motion.
  - It makes no sense that invalidity discovery would be relevant to the PTAB and not the preliminary injunction and Synthego rebuts this red herring with specific cites to the record in the pending motions.

What did Judge Davila decide regarding the relationship of discovery in this case to the PTAB? Agilent relies on its argument that a stay would be unfair because a stay would preclude Agilent from performing invalidity discovery whereas Synthego had already performed such discovery in response to Agilent's preliminary injunction motion. Dkt. 113 at 4-5. Judge Davila rejected this argument by deferring to the PTAB because Agilent would have the opportunity to seek discovery in the PTAB proceedings. Dkt. 107 at 5:5-6 ("the PTAB rules permit both parties to take additional discovery and more fully develop the record during the trial stage of the proceedings"). After granting the stay motion, Judge Davila administratively terminated all the pending motions – which did not and could not have resolved any of the issues in the pending motions on the merits.

Judge Davila simply did not rule on the cross-use of materials in this case with the PTAB and was not even asked to do so.

### VII. AGILENT'S ARGUMENT THAT SYNTHEGO DELAYED IN SEEKING TO USE THE DISPUTED MATERIALS LACKS MERIT

Agilent argues that Synthego should have sought to use the disputed materials before the

4

stay was entered. This argument fails for three independent reasons.

First, Synthego promptly challenged Agilent's attempt to conceal the disputed information in connection with the preliminary injunction and stay motions. Specifically, Synthego opposed sealing. Dkts. 83, 90. Synthego could not have reasonably anticipated that Judge Davila would have administratively denied the sealing motions without prejudice to renew – essentially concealing non-confidential information via an administrative denial.

Second, for Synthego to tailor its relief request for de-designation (as courts, including those one, routinely request) it needed Agilent's Patent Owner's statement in August – after the stay. The Marshall evidence may have been irrelevant if Agilent had not chosen in August to use Marshall as its IPR expert. The Carter evidence may have been irrelevant if Agilent had not chosen in August to try to argue that secondary considerations supported its IPR position. The Ryan evidence may have been irrelevant if Agilent had not chosen in August to submit an inventor declaration from another inventor. Agilent's August Patent Owner's submission was necessary to know what was actually relevant and thus what should be the subject of Synthego's pending motion and request to de-designate.

Third, the timing of the dispute did not prejudice Agilent in any way. Agilent could have submitted whatever it wanted in August and it knew what the discovery record in this case was by then. It had the ability to avoid inculpatory evidence in this case to the extent it wanted to do so. Synthego submitted its IPRs in January and Agilent had not even filed its ill-fated preliminary injunction motion by then so discovery could not have been used in the IPRs. Insofar as Agilent thinks there is unfairness (there is not) it can present those issues to the PTAB. The reason that a well-developed discovery record existed at this stage of the IPR was Agilent's expensive and quixotic preliminary injunction motion in the face of a "particularly strong" IPR that had already been filed. The timing is a situation of Agilent's own making.

Date:  November 30, 2022

Respectfully submitted,

 /s/ Edward R. Reines
EDWARD R. REINES (Bar No. 135960)
DEREK C. WALTER (Bar No. 246322)
SHAWN CHI (Bar No. 313221)
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Tel: (650) 802-3000
Fax: (650) 802-3100
edward.reines@weil.com
derek.walter@weil.com
shawn.chi@weil.com

*Attorneys for Plaintiff/Counter-Defendant*
SYNTHEGO CORPORATION