UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNTHEGO CORPORATION,<br>Plaintiff,<br>v.<br>AGILENT TECHNOLOGIES, INC.,<br>Defendant. | Case No. 21-cv-07801-EJD (SVK)<br><br>**ORDER RE CROSS DISCOVERY MOTIONS**<br><br>Re: Dkt. Nos. 112, 113, 116, 120, 121, 132, 134, 135, 136 |

Now pending before the Court are Plaintiff Synthego Corp.'s ("Synthego") and Agilent Technologies, Inc.'s ("Agilent") competing discovery motions concerning Synthego's desire to present evidence obtained in this action to the United States Patent and Trademark Office's Patent Trial and Appeal Board ("PTAB") for use in pending *inter partes* review ("IPR") proceedings. Dkts. 112, 113. Specifically, Synthego seeks to submit portions of three deposition transcripts from Agilent's witnesses, and certain associated exhibits, to the PTAB: (1) Dr. Marshall, Agilent's technical expert being used in the IPR; (2) Dr. Ryan, a named inventor of the patents-in-suit; and (3) Mr. Carter, an associate vice president of Agilent. Dkt. 112.

Also pending are the Parties' cross-letter briefs regarding the propriety of lifting the stay for the limited purpose of resolving the pending discovery disputes. Dkts. 132, 134. The Honorable Judge Davila referred these letter briefs to the undersigned for disposition on December 7, 2022. Dkt. 135; see also Dkt. 136.

The Parties appeared before the undersigned for a hearing on November 15, 2022, and the Court took the matter under submission. Based upon the briefs, supporting papers, case law, and the arguments of counsel at the hearing, the Court GRANTS IN PART AND DENIES IN PART Synthego's Motion to Modify the Protective Order and GRANTS IN PART AND DENIES IN PART Agilent's Motion re Confidentiality Challenge.

## I. BACKGROUND

### A. Case Initiation and Stay

Synthego initiated this action against Agilent on October 5, 2021, seeking a declaratory judgment of non-infringement of two of Agilent's patents: (1) U.S. Patent No. 10,900,034; and (2) U.S. Patent No. 10,337,001 by Synthego's (A) manufacture, use, sale, offer for sale and/or importation of Synthego's CRISP RNA products, including the CRISPREVOLUTION line of Synthetic sgRNA kits and Advanced RNA and CRISPR GMP sgRNA Manufacturing services and (B) performance of Synthego's ECLIPSE genome editing services. Dkt. 1.

In January 2022, Synthego advised the Court that it had filed its IPR petitions challenging the validity of these two patents. Dkt. 35. One week later, Agilent moved for a preliminary injunction barring Synthego from "manufacturing, marketing, selling or using any and all" of the accused products. Dkt. 40 at 6. In opposing Agilent's motion, Synthego also filed an administrative motion to consider whether another party's materials should be sealed, including: (1) the March 28, 2022 deposition transcript of Mr. Carter; (2) the March 29, 2022 deposition transcript of Dr. Marshall; (3) the March 29, 2022 deposition transcript of Dr. Ryan; and (4) Exhibit 22 to the March 28, 2022 deposition of Mr. Carter. Dkt. 75. Agilent filed a statement in support of maintaining these documents under seal, which Synthego opposed. Dkts. 80, 83. At that time, Agilent also apprised the Court of Synthego's plan to use discovery obtained in relation to the preliminary injunction motion in the IPR proceedings. Dkt. 80 ¶ 17.

While the Parties were briefing the motion for preliminary injunction, the PTAB granted Synthego's petitions for IPR review of the above patents on May 31, 2022. See Dkts. 77-1–77-4. Synthego promptly moved to stay the action pending the PTAB's decisions in the IPR proceedings. Dkt. 82. In granting Synthego's motion to stay the case on July 12, 2022, the Honorable Judge Davila noted that staying the case would not prejudice Agilent because the "PTAB rules permit both parties to take additional discovery and more fully develop the record during the trial stage of the proceeding." Dkt. 107 ("Stay Order"). Judge Davila ordered that the action was "stayed in its entirety pending IPR" and terminated all pending motions "for administrative purposes only," and without prejudice to renewal of those motions after the stay is

2

lifted. Id. at 7.

### B. The Current Discovery Disputes

Counsel have represented that Agilent filed its patent owner response with the PTAB in August 2022. Dkt. 124. On October 24, 2022, the Parties filed competing discovery motions regarding Synthego's desire to present the Carter, Marshall, and Ryan deposition transcripts, and certain associated exhibits, to the PTAB. Id. Both motions were opposed. Dkts. 120, 121. In an effort to conserve judicial resources where the briefs substantially overlap, the Court did not permit the Parties to file reply briefs. Dkt. 115.

Although the Parties did not agree to entry of a stipulated protective order prior to the entry of the stay, the Parties agreed that the Court's model protective order for litigation involving patents, highly sensitive confidential information and/or trade secrets governs in the interim. See Dkts. 112, 113. At the hearing, the Court ordered the Parties to file a joint stipulated protective order for the Court's review that same day. The Parties did so, and the Court entered the Parties' stipulated order with minor modifications. Dkts. 125, 127.

At the hearing and in its briefing related to its motion to retain confidentiality designations, Agilent argued that the undersigned could not rule on Synthego's motion to modify the protective order in this case because Synthego's arguments were pending before the Honorable Judge Davila at the time he stayed the case. Dkt. 113 (citing Dkt. 107); Dkt. 124. In other words, Agilent interpreted the Stay Order as leaving the challenged confidentiality designations for the deposition transcripts "intact" until Agilent renewed its motion for a preliminary injunction following the lifting of the stay. Id. Agilent, therefore, maintained that the specific procedural posture of this case at the time the Stay Order was entered barred this Court from adjudicating the discovery disputes raised. Dkt. 124. At the hearing, Agilent's counsel explained that Agilent also relied on its understanding of this case's procedural posture in choosing not to submit evidence related to Mr. Carter's testimony with its patent owner response to the PTAB. *Id.*

While the Court disagreed with Agilent's broad interpretation of the Stay Order, out of an abundance of caution, the Court directed the Parties to seek relief from the stay and set an expedited briefing schedule. Dkt. 126. On December 7, 2022, Judge Davila referred the Parties'

1  cross-letter briefs regarding the propriety of lifting the stay to the undersigned for disposition.

2  Dkt. 135; *see also* Dkt. 136.  The issues presented in the discovery briefs are now ripe for

3  resolution.

**II.  DISCUSSION**

   **A.   Good Cause Exists to Lift the Stay for the Sole and Limited Purpose of Adjudicating the Current Discovery Disputes.**

The Court construes Synthego's letter brief as an administrative motion to lift the stay for the sole and limited purpose of permitting Synthego and Agilent to file their competing discovery motions and for the Court to adjudicate those disputes.  *See* Dkt. 134.  In particular, Synthego argues that judicial economy favors a partial lifting of the stay given that the current discovery disputes [Dkts. 112, 113, 116] have already been briefed and argued before the undersigned.  Dkt. 134.  The Court agrees.

"[T]he District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."  *Clinton v. Jones*, 520 U.S. 681, 683 (1997).  Conversely, the court has the authority to lift a stay.  *Boyle v. Cty. of Kern*, No. 1:03-cv-05162, 2008 WL 220413, at *5 (E.D. Cal. Jan. 25, 2008) ("The corollary to this power is the ability to lift a stay previously imposed.").  Courts in the Ninth Circuit routinely grant limited or temporary lifts of a stay to permit adjudication of disputes that have arisen while the stay is in effect.  *See, e.g.*, *Sleep Number Corp. v. Sizewise Rentals, LLC*, No. 18-cv-356, Dkt. 174 (C.D. Cal. Sept. 23, 2019) (finding good cause to lift stay in patent case for sole purpose of permitting plaintiff to file application to modify protective order and referring dispute to magistrate judge); *Somers v. Digital Realty Trust, Inc.*, No. 14-cv-5180-EMC, 2017 WL 3623728, at *1 (N.D. Cal. July 13, 2017) (explaining that district judge granted motion to lift stay for limited purpose of adjudicating discovery dispute and referred dispute to magistrate judge); *Sanborn v. Asbestos Corp., Ltd.*, No. 08-cv-5260, 2009 WL 282020, at *2 (N.D. Cal. Feb. 5, 2009) (finding good cause existed to grant plaintiffs' administrative motion to lift stay for limited purpose of allowing deposition of ill plaintiff); *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, No. 12-cv-5501, 2015 WL 5117083, at *2 (N.D. Cal. Aug. 31, 2015) (explaining that court granted motion for limited lifting of stay in patent action for purpose of

4

ruling on renewed motion to compel arbitration).

Here, the Court finds that good cause exists to lift the stay for the sole and limited purpose of confirming that the Parties may file their discovery motions and for adjudicating the issues raised therein. The discovery disputes presented in the Parties' motions have been fully briefed, and the Parties have appeared before the undersigned for extensive oral argument on the issues raised. Deferring resolution of these issues is not in the interests of judicial economy, particularly where the Court finds that the discovery Synthego seeks to present to the PTAB relates to the pending IPR proceedings. As to the prejudice or hardship that Agilent might suffer from the limited lifting of the stay, the Court finds, on balance, that Synthego's need to present the PTAB with information related to the resolution of the IPR proceedings outweighs any possible prejudice to Agilent. As Agilent concedes in its letter brief, it will have the opportunity to address any evidentiary issues both in briefing and in oral argument, where it may make substantive challenges to the evidence Synthego introduces. Dkt. 132 at 3, 6.

Accordingly, to ensure that the record is clear regarding the rights of the Parties to file the current discovery disputes [Dkts. 112, 113, 116] and the right of the Court to adjudicate those discovery disputes, the Court finds that good cause exists to lift the stay for the sole and limited purpose of resolving issues related to what materials Synthego may present to the PTAB in the ongoing IPR proceedings. The provisions of the Stay Order otherwise remain in effect.

### B. Good Cause Exists to Modify the Protective Order.

"[D]istrict courts have inherent authority to grant a motion to modify a protective order where 'good cause' is shown." *CBS Interactive, Inc. v. Etilize, Inc.*, 257 F.R.D. 195, 201 (N.D. Cal. 2009) (citing *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002)). The party asserting good cause must demonstrate that specific prejudice or harm will result if the motion is not granted. *Id.* (citing *Phillips*, 307 F.3d at 1210-11). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (citation omitted).

As the Court explained at the hearing, it is not uncommon for parties to seek to present evidence to the PTAB that was developed in the district court prior to the institution of IPR

5

proceedings. *See, e.g.*, *Finjan, Inc. v. Juniper Network, Inc.*, 17-cv-5659, Dkt. No. 207 (N.D. Cal. Oct. 9, 2018) (granting defendant's request to amend stipulated protective order to allow use of interrogatory response in related IPR proceeding); *Sleep Number*, 2019 WL 12536127, at *3.

Here, the Court is persuaded that Synthego has made an adequate showing that the Ryan, Marshall, and Carter transcripts and associated exhibits are related to the ongoing IPR proceedings, which concern the validity of Agilent's patents. However, in finding that good cause exists to modify the protective order, the Court "decides only that the parties may use documents produced in this case in the IPR, to the extent otherwise permitted in the IPR. The actual extent to which the documents may be used in the IPR, as well as the scope of discovery in the IPR, is up to the PTAB." *Sleep Number*, 2019 WL 12536127, at *4. Agilent may raise arguments to the PTAB related to prejudice from the procedural posture of the IPR proceedings, as well as any other arguments related to the weight of the evidence. The Court offers no commentary on the merits of such challenges.

Accordingly, the Court **adopts** its tentative rulings announced at the November 15, 2022 hearing, **as modified**:

- The Court finds that the Ryan, Marshall, and Carter depositions and associated exhibits have properly been designated as confidential.
- The subject matter of those depositions and exhibits is sufficiently related to issues before the PTAB that good cause exists to modify the protective order to permit use of the following materials only at the PTAB:
    - From the Deposition Transcript of Dr. William Marshall: 63:17-65:1; 69:1-21; 70:1-10; 73:13-18; 76:2-77:15; 79:15-80:3; 81:19-25; 84:2-21.
    - From the Deposition Transcript of Dr. Daniel Ryan: 23:3-24:10; 24:20-25:21; 28:9-11; 29:9-16; 32:19-33:11; 52:20-53:11; 84:7-14; 84:25-85:9.
    - From the Exhibits Accompanying the Deposition Transcript of Dr. Daniel Ryan: Dkts. 114-15–17, 114-19, 114-23 (Ryan Depo Exhibits 13-15, 17, 21)

- o From the Deposition Transcript of Mr. Gary Carter [Dkt. 75-7]: 18:11-16; 23:6-13; 23:15-20; 24:20-23; 30:12-16; 27:9-17; 29:11-30:4; 62:2-10; 104:8-19; 105:6-9.
- o From the Exhibits Accompanying the Deposition Transcript of Mr. Gary Carter: Dkts. 114-6–114-14.

- This order amends the Parties' stipulated protective order, which was entered on November 16, 2022 [Dkt. 127].

- Agilent objects that Synthego's questioning exceeded the agreed-upon scope of notice and/or of the designated opinions during the depositions at issue. Dkt. 113 at 1, 3, 6-7. Given that the depositions were expedited in the face of Agilent's own motion for a preliminary injunction, this objection is OVERRULED.

- Agilent further objects that Synthego improperly developed discovery in this action for use in the IPR proceedings. Synthego petitioned the PTAB for IPR proceedings related to Agilent's patents before Agilent moved for a preliminary injunction, which is the event that triggered the need for expedited discovery. Dkt. 81-2; Dkt. 132 at 4. Given this context, the Court finds that Agilent has not made a sufficient showing that Synthego used this action to develop discovery for use in the IPR proceedings. Agilent's objection, accordingly, is OVERRULED.

**SO ORDERED.**

Dated: December 9, 2022

_____
SUSAN VAN KEULEN
United States Magistrate Judge