UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SYNTHEGO CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>AGILENT TECHNOLOGIES, INC.,<br><br>Defendant. | Case No.  5:21-cv-07801-EJD<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE**<br><br>Re: Dkt. No. 139 |

Before the Court is Plaintiff Synthego Corporation's ("Synthego") Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge pursuant to Federal Rule of Civil Procedure 72(a), Civil Local Rule 72 and 28 U.S.C. § 636(b)(1)(A). ECF No. 139.

The current motion arises from the disputed designation of Dr. William Marshall's March 29, 2022 deposition transcript (Dkt. Nos. 75-2 and 114-4) as confidential under the parties' Protective Order. *See* ECF Nos. 127, 137. After filing a motion for preliminary injunction, Defendant Agilent Technologies, Inc. ("Agilent") provided witnesses—including its technical expert, Dr. Marshall—upon Synthego's request for expedited discovery for the purpose of opposing Agilent's motion. ECF Nos. 40, 42. In opposing the motion, Synthego also filed an administrative motion to consider whether another party's materials should be sealed, which included the Marshall deposition. ECF No. 75. Agilent filed a statement in support of maintaining these documents under seal, which Synthego opposed. ECF Nos. 80, 83. The United States Patent and Trademark Office's Patent Trial and Appeal Board ("PTAB") subsequently instituted *inter partes* review ("IPR") of both patents. ECF Nos. 77-1, 77-2. Synthego moved to

Case No.: 5:21-cv-07801-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM NONDISPOSITIVE
PRETRIAL ORDER OF MAGISTRATE JUDGE
1

stay the action pending the outcome of the IPR proceedings, which the Court granted on July 12, 2022.[1] ECF No. 107. On December 9, 2022, Magistrate Judge van Keulen temporarily lifted the stay for the limited purpose of adjudicating the discovery dispute.[2] ECF No. 137 at 6 (finding good cause exists to lift the stay "for the sole and limited purpose of resolving issues related to what materials Synthego may present to the PTAB in the ongoing IPR proceedings."). Synthego intends to present certain deposition transcripts and associated exhibits in this action to the PTAB for use in the pending IPR proceedings. *See id.*

Synthego sought—and continues to seek—de-designation of the Marshall transcript in its entirety.[3] ECF Nos. 113, 120. After hearing the parties on November 15, 2022, Judge van Keulen issued an order on December 9, 2022 regarding the discovery motions (the "Order") confirming that the Marshall deposition was properly designated as confidential and modifying the Protective Order to permit Synthego to use excerpts from the Marshall deposition in the IPR proceedings. ECF Nos. 124; 137 at 6. Judge van Keulen sealed the Marshall deposition based on this finding in her December 14, 2022 Order Regarding Administrative Motions To Seal ("Sealing Order"). ECF No. 138. Synthego now requests that the Court vacate the Magistrate Judge's ruling as to the Marshall deposition, arguing that the transcript is improperly designated confidential. *Id.* at 2. Synthego also objects to the corresponding part of the Sealing Order. ECF No. Dkt. 138. Agilent opposes the motion.[4] ECF. No. 140.

A magistrate judge's non-dispositive order may be reversed if it "is clearly erroneous or is

---

[1] The Court had not yet ruled on the preliminary injunction nor the accompanying motions to seal.
[2] This Court referred the parties' cross-letter briefs regarding relief from the stay to the Magistrate Judge for disposition. *See* ECF No. 137.
[3] Judge van Keulen's Order also addresses the confidentiality designations of the depositions and associated exhibits of Dan Ryan and Gary Carter. ECF No. 137. Neither are at issue in the present motion. ECF No. 139 at 3.
[4] Civil L.R. 72-2(d) provides that "no response need be filed and no hearing will be held concerning the motion" unless ordered by the District Judge within 14 days of the motion's filing. Before the Court issued an order, Agilent filed an opposition stating that "the CM/ECF docket set a January 6, 2023 deadline to file a response, and thus, Agilent files this response now." ECF No. 140 at 1, n.1. Synthego filed a reply brief the next day. ECF No. 141. The Court takes the parties' briefs under consideration.

Case No.: 5:21-cv-07801-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE
2

contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). "The standard for review of magistrate judge's non-dispositive ruling under Federal Rule of Civil Procedure 72(a) is highly deferential." *Magana-Munoz v. W. Coast Berry Farms, LLC*, No. 5:20-CV-02087-EJD, 2022 WL 6584545, at *2 (N.D. Cal. Sept. 29, 2022). "There is clear error only when the court is 'left with the definite and firm conviction that a mistake has been committed.'" *Zepeda v. Paypal, Inc.*, No. C 10-1668 SBA, 2014 WL 4354386, at *3 (N.D. Cal. Sept. 2, 2014) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)). Synthego specifically objects to Judge van Keulen's ruling with respect to the Marshall deposition as clearly erroneous because the Marshall deposition allegedly does not contain any confidential information, nor did Agilent submit supporting evidence that it should be properly designated as confidential. ECF No. 139 at 3. In reviewing the parties' moving papers, the Magistrate Judge's Order, and the record, the Court finds that Synthego is not entitled to the relief it seeks.

Judge van Keulen's Order articulates the inherent authority of courts to modify protective orders and the common knowledge that parties often "seek to present evidence to the PTAB that was developed in the district court prior to the institution of IPR proceedings." ECF No. 137 (citing *CBS Interactive, Inc. v. Etilize, Inc.*, 257 F.R.D. 195, 201 (N.D. Cal. 2009); *Finjan, Inc. v. Juniper Network, Inc.*, 17-cv-5659, Dkt. No. 207 (N.D. Cal. Oct. 9, 2018)). The Order reflects that Judge van Keulen carefully considered the parties' arguments in finding that good cause exists to modify the Protective Order. Judge van Keulen found, in part, that Synthego made an adequate showing that the Marshall deposition is sufficiently related to the IPR proceedings, and accordingly modified the Protective Order to permit portions of the Marshall deposition for use at the PTAB. ECF No. 137 at 6. The Magistrate Judge did not grant wholesale relief; Rather, Judge van Keulen exercised her discretion in finding that the Marshall deposition was properly designated as confidential, and in limiting the release of certain information contained within the Marshall deposition and amending the Protective Order accordingly.[5]

---

[5] The record reflects that Synthego identified certain excerpts from the Marshall deposition in its

Case No.: 5:21-cv-07801-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE
3

In consideration of the foregoing, the Court finds that Magistrate Judge van Keulen's rulings are not clearly erroneous nor contrary to law. Synthego's objection is therefore OVERRULED and the requested relief is DENIED.

**IT IS SO ORDERED.**

Dated: January 5, 2023

EDWARD J. DAVILA
United States District Judge

---

moving papers and during the November 15, 2022 hearing before Judge van Keulen that should be considered by the PTAB. ECF Nos. 140 at 1; ECF No. 120 ("Although Synthego believes the entire transcripts should be usable in the PTAB and do not contain confidential information, at a minimum the Court should allow the following transcript passages and exhibits to be considered by the PTAB. . . Marshall Tr. 63:17-65:1, 69:1-21, 70:1-10, 73:13-18, 76:2-77:15, 79:15-80:3, 81:19-25, 84:2-21."). These excerpts are reflected in the Order to which Synthego now objects.

Case No.: 5:21-cv-07801-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE

4